**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4243**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

LONNIE KEITH SIPSY,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, Chief District Judge. (2:07-cr-00189-JRG-1)

———————————

Submitted:  July 14, 2008          Decided:  July 29, 2008

———————————

Before MICHAEL and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Wilmer Parker, III, Agne Krutules, MALOY JENKINS PARKER, Atlanta, Georgia, for Appellant.  Charles T. Miller, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Keith Sipsy, a medical doctor, pled guilty to knowingly and intentionally obtaining hydrocodone, a Schedule III controlled substance, by deception and subterfuge, in violation of 21 U.S.C. § 843(a)(3) (2000). During his Rule 11 hearing, Sipsy admitted that he issued prescriptions for hydrocodone in the names of four different people with the understanding that some or all of the pills would be returned to him for his own use and for the purpose of feeding his addiction. The district court sentenced Sipsy to 12 months' imprisonment in conformity with his advisory guidelines range. On appeal, Sipsy argues the district court clearly erred in enhancing his advisory guidelines range four levels pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.1 for being an organizer or leader of criminal activity that involved five or more participants. We affirm the judgment of the district court.

A district court is authorized to enhance a defendant's advisory guidelines range four levels if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(a). A district court need only find the facts supporting a § 3B1.1(a) enhancement by a preponderance of the evidence. See United States v. Urrego-Linares, 879 F.2d 1234, 1238 (4th Cir. 1989). A district court's determination that a defendant was a leader or organizer

- 2 -

of criminal activity is a factual issue that is reviewed for clear error.  <u>United States v. Sayles</u>, 296 F.3d 219, 224 (4th Cir. 2002).  This deferential standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed."  <u>United States v. Stevenson</u>, 396 F.3d 538, 542 (4th Cir. 2005) (quoting <u>Anderson v. Bessemer City</u>, 470 U.S. 564, 573 (1985)).

We have reviewed the record and cannot conclude that the district court clearly erred in enhancing Sipsy's advisory guidelines range four levels pursuant to § 3B1.1(a).  During his Rule 11 hearing, Sipsy confessed to writing false prescriptions for hydrocodone for Kerri Cyphers, Rick Combs, and Christy Workman, who would then obtain the pills and bring them back to Sipsy.  Sipsy would share some of the pills with his accomplices but wrote the false prescriptions to feed his own addiction to hydrocodone.  As the district court found, Sipsy and Dr. Jeffrey Bates exercised decision making authority over the other three in that only Sipsy and Bates had the power to write prescriptions.  Moreover, as Sipsy had the ability to prescribe the medication, he could control which of his three accomplices to use, when the hydrocodone would be prescribed, and in what quantity and strength.

While Sipsy argues there is no evidence he recruited his accomplices into his criminal activity, Sipsy's argument defines "recruit" too narrowly.  Also, Sipsy's suggestion that he was

recruited by Cyphers, Combs, Workman, or Dr. Bates is implausible in light of his admissions in the district court that he was addicted to hydrocodone and wrote false prescriptions to feed his own addiction. Finally, the cases relied on by Sipsy to support his argument that § 3B1.1(a) was improperly applied in his case are unavailing.

Sipsy next argues the two-level enhancement he received pursuant to § 3B1.3 resulted in double counting as his ability to write prescriptions was already accounted for in his enhancement pursuant to § 3B1.1. Sipsy's argument is based on the false premise that the district court applied the § 3B1.3 enhancement because of his "special skill" or ability to prescribe medication. The record indicates that the district court applied the § 3B1.3 enhancement because of Sipsy's abuse of a position of trust and not because of his ability to prescribe medication. Sipsy abused his position of trust when he continued to treat patients while illegally acquiring and abusing hydrocodone and when insurance providers were billed for the false prescriptions.

Sipsy next argues that the district court clearly erred in finding that he was "a common drug dealer." Sipsy appears to argue that, because he was addicted to hydrocodone and because he was not distributing drugs in exchange for money, the district court should not have compared him to a "common drug dealer." During his Rule 11 hearing, Sipsy admitted to using his accomplices

to distribute drugs to himself and then back to his accomplices. That he received drugs instead of money for his efforts is immaterial, and his third argument is without merit. We likewise reject Sipsy's argument that even assuming he was a common drug dealer, such a finding does not warrant a four-level leadership enhancement under § 3B1.1(a). See Sayles, 296 F.3d at 225.

Sipsy's final argument is that the district court erred in applying the § 3B1.1 enhancement because his accomplice, Dr. Bates, engaged in similar conduct but did not receive an enhancement under § 3B1.1. Sipsy's argument is without merit. Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED